# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**LEE ANTHONY BROWN**,

       Plaintiff,

    **v.**                                **Case No. 22-CV-018**

**EMIL TONEY,** *et al.*,

       Defendants.

---

## ORDER

---

On November 2, 2022, plaintiff Lee Anthony Brown, who is confined at Oshkosh Correctional Institution and representing himself, filed a motion asking the court to compel the defendants to allow him to view video evidence. (ECF No. 20.) On December 8, 2022, Brown filed a motion for a temporary restraining order (TRO) and preliminary injunction. (ECF No. 26).

Regarding the motion to compel, Brown stated that he would not be allowed to view the video before the November 14, 2022, discovery cut off. (ECF No. 20 at 2.) The defendants responded, explaining that the discovery deadline pertains to serving and responding to discovery requests, and if Brown wishes to view the video after that deadline he can make a request with Oshkosh officials and the defendants will facilitate it. (ECF No. 21 at 1.) As such, Brown's motion is denied as moot.

Regarding Brown's motion for a TRO and a preliminary injunction, he seeks a transfer to another institution because the defendants continue to deny him due process. (ECF Nos 26, 27.) In order to receive injunctive relief, either through a temporary restraining order or a preliminary injunction, a plaintiff must establish that (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. Fed. R. Civ. P. 65(b); *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dept. of Health*, 669 F.3d 962, 972 (7th Cir. 2012). Prisoner litigation also has an additional requirement that injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012).

In his brief in support of his motion Brown does not explain in detail what the defendants are doing to impede his due process rights. Regardless, if the defendants continue to infringe on his due process rights, he can file an inmate grievance and, if after exhausting his administrative remedies the allegedly infringing conduct continues, he can file another civil suit under 42 U.S.C. § 1983. Thus, he has an adequate remedy at law available to him. Additionally, his request for a transfer to another institution is beyond the scope of what a court can order. *See Westefer v. Neal*, 682 F.3d 679, 683 ("[T]he PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prisoner conditions: '[P]rison officials have broad administrative and discretionary authority over the institutions they manage.'")

(quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)). His motion for a TRO and a preliminary injunction is denied.

**IT IS THEREFORE ORDERED** that Brown's motion to compel (ECF No. 20) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Brown's motion for a temporary restraining order and preliminary injunction (ECF No. 26) is **DENIED**.

Dated in Milwaukee, Wisconsin this 19th day of December, 2022.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge

3