UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**LEE ANTHONY BROWN,**

            **Plaintiff,**

v.                                                      **Case No. 22-CV-018**

**EMIL TONEY,** *et al.*,

            **Defendants.**

---

## DECISION AND ORDER

---

On May 11, 2023, the court granted summary judgment on the merits in favor of the defendants and dismissed this case, entering judgment accordingly. (ECF Nos. 41, 42.) On May 23, 2023, *pro se* plaintiff Lee Anthony Brown filed a motion for reconsideration of the court's summary judgment order. (ECF No. 43.) Brown cites Federal Rule of Civil Procedure 54(b) in support of his motion, but Rule 54 does not apply because the court fully disposed of Brown's case.

There are two possible rules that could apply—Federal Rule of Civil Procedure 59(e) and Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 59(e) allows a party to file a motion to alter or amend a judgment within twenty-eight days of the court entering judgment. "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12, (7th Cir. 2007)).

Rule 60(b) allows a court to grant relief within a "reasonable time" after entry of a final judgment for a specific set of reasons, including "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, or fraud or misconduct. Rule 60(b) also allows a court to grant relief from judgment for "any other reason that justifies relief," but the movant seeking such relief "must show extraordinary circumstances justifying the reopening of a final judgment." *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

Brown's motion is timely under Rule 59(e), but in his motion he does not demonstrate that the court made a manifest error of law nor does he present newly discovered evidence. Brown also does not demonstrate that the court should grant relief from judgement under Rule 60(b). He takes issue with the way the court considered the parties' evidence, but this is not a basis for granting relief from judgment. *See Oto v. Metropolitan Life Ins. Co.,* 244 F.3d 601, 606 (7th Cir. 2000) (holding that a motion that "merely took umbrage with the court's ruling and rehashed arguments" was properly rejected by the district court). Brown argues that the court erroneously determined that the defendants could not be held personally liable under 42 U.S.C. § 1983 for his placement in temporary lock up; that the court should have found his conditions of confinement to be an atypical and significant hardship; that he did have a liberty interest in his time in segregation; and that the process he was afforded was constitutionally deficient. The court already considered those arguments and rejected them. Brown is simply rehashing arguments and taking umbrage with the court's determinations.

His motion for reconsideration (ECF No. 44) is **DENIED**.

Dated at Milwaukee, Wisconsin this 13th day of June, 2023.

BY THE COURT

_William E. Duffin_
WILLIAM E. DUFFIN
United States Magistrate Judge